IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CURTIS WRIGHT** | ) | **CASE NO.** |
| | ) | |
| | ) | |
| | ) | **JUDGE** |
|     **PLAINTIFF** | ) | |
| | ) | |
| **V.** | ) | **COMPLAINT** |
| | ) | **(Jury Demand Endorsed Hereon)** |
| **BNSF RAILWAY, INC.,** | ) | |
| | ) | |
|     **DEFENDANT** | ) | |

Now comes Plaintiff Curtis Wright and for his claims against BNSF Railway, Inc., and brings this action pursuant to the Uniform Services Employment and Reemployment Act of 1994, 38 U.S.C. § 4301 – 4333 ("USERRA") and would show the court as follows:

## I.   PARTIES

1. Plaintiff Curtis Wright is an individual residing in Hazelett, Texas and at all times relevant hereto was an employee as that term is defined by 38 U.S.C. § 4303(3).

2. Defendant BNSF Railway, Inc., is a corporation who maintains a place of business in Dallas, Texas and all times hereto was an employer as defined by 38 U.S.C. § 4303(4)(A).

## II.   JURISDICTION

3. This court has subject matter jurisdiction over this dispute pursuant to 28

**Plaintiff's Complaint, Page** 1

U.S.C. §§ 1331, 1337, and 38 U.S.C. § 4323(b)(3) in that this matter arises under the laws of the United States.

### III.   VENUE

4.   Venue of this matter is properly before this court since the events that give rise to plaintiff's claims occurred within the jurisdiction of this court pursuant to 38 U.S.C. § 4323(c)(2) and the defendant maintains a place of business within this district.

### IV.   FACTUAL BACKGROUND

6.   Plaintiff who was hired by defendant as a conductor in February 1998. During the course of his employment he sought and obtained several other positions within the railroad including completing a management trainee program; becoming the Trainmaster in Oklahoma City OK. And late assigned as Manager Transportation in the Alliance / Hazlett district

7.   Plaintiff was a member of the Air Force Reserves throughout his employment with BNSF.

7.   Defendant BNSF is a national railroad company operating throughout the United States..

8.   In 2003 Plaintiff was called to active duty for a one year period and assigned to Oman to support the war in Iraq. On his return from duty, defendant did not offer him his prior position but offered a job in the Houston area which he rejected. A subsequent offer was made for a position in Gainesville district which Wright accepted.

9.   After three to four months he was reassigned to be the trainmaster in Cleburne, TX in 2004.

10. While assigned to Cleburne, he was frequently temporarily assigned to Gainesville to assist the trainmaster there throughout 2005. He was also assigned to the Irving yard to cover fofr that trainmaster on his days off. As a result of these temporary assignments, Plaintiff was required to drive great distances in order to report for work.

11. In 2006, Darren Hale became Plaintiff's supervisor while Wright was on a temporary assignment in Irving, Texas.

12. Beginning in the summer of 2006, Plaintiff was required to report on a monthly basis to his permanent duty station at Tinker Air Force Base in Oklahoma. Upon receipt of each month's orders to report for active duty, he forwarded a copy to Hale to inform him of his need to report for duty.

13. After Wright began his monthly active duty, usually for one or two days at a time, Hale began to harass Wright by frequent early morning phone calls, demanding updates on the activities in Plaintiff's assigned areas despite having been properly informed in the required manner and demanding that Wright go to work on Thanksgiving day, even though it was a scheduled day off.

14. In December 2007, Hale placed Plaintiff on a performance improvement plan for alleged poor performance. It was also suggested by the human resource department that he be demoted from his trainmaster position to the position of conductor which would require that he return to riding the trains.

15. During the eight weeks he was on the improvement plan, Wright missed a pay raise and bonus.

16. After completing the plan, Hale continued to harass Plaintiff leading to Wright's taking a stress related leave of absence beginning in April 2008.

17. In August 2008, Plaintiff's physician cleared him t return to work. At that time, plaintiff's position had been filled and he was told he had sixty (60) days to find another position with the railroad or he would loose his job.

18. Plaintiff applied for each available position in the Northern Texas area. He was not interviewed for any position despite his qualifications.

19. This sixty (60) period was extended by defendant for an additional thirty (30) days because Plaintiff had to report for active duty. As he had in the past, when Hale was apprised of Wright's orders, he expressed his displeasure to Plaintiff.

20. During his leave, Plaintiff was placed on medication for his depression. He continued to take the medications when he was cleared to return to work. After he was cleared to return to work, defendant demanded Wright be examined by a physician of their choosing who then referred him to a counselor.

21. Plaintiff had one meeting with the counselor who demanded that he cease taking the medication before returning to work. He complied with this demand. His physician provided a negative drug screen to defendant and was again cleared to return to work.

22. Despite meeting al conditions for returning to work, defendant refused to offer a position to Plaintiff until June 2009 when he returned to work in a union position which was a demotion form his previous position of trainmaster.

23. The decision whether Wright returned to work was determined in part by Darren Hale. During the tenure he supervised Wright, Hale would frequently question if his reserve duty was mandatory and repeatedly asked for his orders even after they were

provided. Hale would also give Wright conflicting work assignments and changes certain performance goals in an effort to establish poor job performance by Wright.

24. The treatment suffered by Wright was different that the other Trainmasters who reported to Hale.

## VI. USERRA DISCRIMINATION

25. Plaintiff incorporates the allegations contained in paragraphs 1 through 24 inclusive as if fully rewritten herein.

25. The foregoing conduct of defendant as set forth above constitutes discrimination in violation of the requirements of 38 U.S.C. §4331 (a) and (b) of the Uniformed Service Employment and Reemployment Act since defendant's actions as outlined above were motivated by plaintiff's membership in the Air Force Reserves.

26. As a result if defendant's conduct as set forth above, plaintiff has suffered economic damages in the form of lost wages and benefits as well as future wages and benefits in an amount to be determined a trial.

27. Defendant's conduct has resulted in plaintiff suffering non-economic damages in the form of mental anguish to be determined at trial.

28. Defendant's conduct toward plaintiff was intentional and willful and of the nature for which plaintiff is entitled to recover liquidated damages in an amount to be determined at trial.

29. Plaintiff is also entitled to recover his reasonable and necessary attorney's fees and expert fees and the costs of this action in an amount to be determined at trial.

## VII. JURY DEMAND

30. Plaintiff demands a trial by jury.

WHEREFORE for the foregoing reasons plaintiff requests judgment against defendant as follows:

    A.    That this court award plaintiff his economic losses in the form of lost wages and benefits and future earnings and benefits in an amount to be determined at trial;

    B.    That this court award plaintiff her non-economic damages in the form of mental anguish in an amount to be determined at trial;

    C.    That this court award plaintiff punitive damages for defendant's willful and intentional conduct in an amount to be determined at trial;

    D.    That this court award plaintiff his reasonable and necessary attorney's and expert fees and the costs of this action in an amount to be determined at trial; and

    E.    That this court award plaintiff such other and further relief as may be deemed just and proper.

Respectfully submitted,

*/s/ F. Benjamin Riek III*
F. Benjamin Riek III
State Bar No. 16906190
100 North Central Expy., Suite 901
Richardson, TX 75080
(214) 306-8755
Fax (972) 231-3445
Email: fbenjaminr@msn.com

**Plaintiff's Complaint, Page** 6